IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,030-01






EX PARTE ARTEMIO GONZALO LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006CR0452-D3(A) IN THE 341ST DISTRICT COURT


FROM WEBB COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted capital
murder and sentenced to life imprisonment. He did not appeal his conviction. 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to timely file a notice of appeal. He further asserts that his appellate attorney abandoned him
during the appeal's process. 

 The trial judge has entered findings of fact and conclusions of law recommending that relief
by granted in the form of an out-of-time appeal. The trial judge found inter alia that trial counsel
failed to file a timely notice of appeal and that Applicant therefore was deprived of his right to
appeal. Strickland v. Washington, 466 U.S. 608 (1984). The trial judge also found that appellate
counsel did not represent Applicant on direct appeal because the agreement between Bexar County
Public Defender's Office and Webb County had been terminated. The trial judge's findings of fact
and conclusions of law are supported by the record. However, we find that further evidence is
needed to resolve Applicant's claim.

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall provide trial counsel and
appellate counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in
that it shall order trial counsel to file affidavit addressing: (1) whether counsel was aware that
Applicant desired to appeal and, if so, (2) why counsel failed to perfect the appeal by filing a timely
notice of appeal. The trial court shall order appellate counsel to file an affidavit addressing: (1)
whether counsel was notified that he had been appointed to represent Applicant on direct appeal and,
if so; (2) whether the deadline to file a timely notice of appeal had already passed when counsel was
notified of said appointment; and, (3) why counsel failed to perfect the appeal by filing a timely
notice of appeal. In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. Specifically,
the trial court shall make findings of fact as to whether trial counsel knew that Applicant desired to
appeal and if so, why counsel failed to file a timely notice of appeal. The trial court shall also make
findings of fact as to whether appellate counsel was notified that he had been appointed to represent
Applicant on direct appeal and, if so, whether the deadline to file a notice of appeal had already
passed when counsel was notified of said appointment. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 10, 2008

Do not publish